## CARL J. GALL v. JOHANNA GALL.[1]

December 18, 1925.

No. 24,914.

**Evidence entitled defendant to absolute divorce.**

The evidence is conclusive that the charge of adultery, made by plaintiff against defendant as a ground for divorce, was unfounded to his knowledge, and that plaintiff was guilty of cruel and inhuman treatment of defendant which entitled her to an absolute divorce as asked for in her answer and crossbill.

See Divorce, 19 C. J. p. 137, § 355; p. 142, § 367.

See notes in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360; 9 R. C. L. p. 346.

Action in the district court for Sibley county for absolute divorce. The case was tried before Nelson, J., who granted defendant an absolute divorce and alimony. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Arthur T. Conley,* for appellant.

*O. S. Vesta,* for respondent.

[1]Reported in 206 N. W. 450.

HOLT, J.

Action for divorce on the ground of adultery. Defendant denied the accusation and by way of a crossbill alleged cruel and inhuman treatment as a ground for divorce. Findings were made that the charge in the complaint was untrue; that plaintiff had been guilty of the cruel and inhuman treatment set forth in the crossbill, and directing a decree to be entered granting defendant an absolute divorce with alimony and custody of children. Plaintiff appeals from the order refusing to amend the findings or grant a new trial.

Plaintiff was 48 years old; defendant 20. He married under compulsion on May 29, 1923. On July 4, 1923, a child was born to the parties. On March 29, 1924, when defendant was again pregnant, he charged her with adultery. The charge was made with such brutal persistency that defendant, though denying it vigorously at first, was by fear forced to admit it. Without at all trying to verify her admission made under the circumstances stated, he began this action in which the charges were made public. On July 29, 1924, defendant gave birth to another child. The record has been examined with care and we cannot find the slightest support for any other findings and conclusions than those made by the trial court. The evidence is conclusive that plaintiff had no foundation other than the alleged confessions he extorted when he kept defendant up all night until 3 o'clock in the morning on March 29, 1924, as stated, spitting in her face, and intimidating her in various ways. The inference is justifiable that he, knowing her to be innocent of wrongdoing, deliberately set about wringing from her a confession of adultery in order to get a legal cause for escaping the burden of supporting unwelcome children. That such conduct is cruel and inhuman treatment is not open to debate. The evidence of his relative and her sister to sustain his charge of adultery bears such inherent improbabilities and is so utterly refuted that the learned trial judge gave it no credence whatever. No profit is to be gained by a further discussion of the evidence, or notice of the errors assigned.

The order is affirmed.